Case 1:08-cv-03632-RMB    Document 1    Filed 04/16/2008    Page 1 of 7

**Waesche, Sheinbaum & O'Regan, P.C.**
Counsel for the Plaintiff
111 Broadway, Suite 401
New York, New York 10006-1991
Telephone: (212) 227-3550
John R. Foster (JF3635)

ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMER INTERNATIONAL LTD.,

    Plaintiff,

-against-

NORTH AFRICA FOR IMPORT & EXPORT,

    Defendant.



**VERIFIED COMPLAINT**

Plaintiff Commer International Ltd. (hereinafter "Commer"), by its attorneys, Waesche, Sheinbaum & O'Regan, P.C., complaining of the Defendant North Africa For Import & Export (hereinafter "NAFIE"), alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

-1-

## THE PARTIES

2. At all times relevant hereto, Commer was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 29A, Makedonia Street, 9000 Varna, Bulgaria.

3. At all times relevant hereto, NAFIE was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 56 Hadaik Ramo, Nasr City, Cairo, Egypt.

## REQUEST FOR RELIEF

4. On or about January 5, 2008, Commer, as disponent owner of the M/V STAR I, and NAFIE, as charterer, entered into a maritime contract of charter party (hereinafter "the Charter Party").

6. Under the Charter Party, Commer agreed to let the vessel M/V STAR I to NAFIE for the carriage of a cargo of scrap steel from Annaba, Algeria, to Alexandria, Egypt, in consideration of an agreed amount of freight and an agreed rate of demurrage for port delays beyond the time allowed in the Charter Party.

7. The vessel was duly delivered and loaded with cargo; the voyage was performed; and demurrage in the total sum of $63,368.08 was earned.

8. Commer fully performed all of its obligations under the Charter Party.

9. Despite due demand and in breach of the Charter Party, NAFIE has refused or otherwise failed to pay demurrage in the amount of $63,368.08, or any part thereof.

10. Pursuant to the terms of the Charter Party, all claims between the parties arising out of the subject contract are subject to London arbitration, with English law to apply. Commer

specifically reserves its right to arbitrate the merits of its dispute with NAFIE in London pursuant to the terms of the Charter Party.

11. This action is brought in order to obtain security in favor of Commer for its arbitration claim against NAFIE. This action is also brought to obtain security for such additional amounts as will cover Commer's anticipated attorney fees and costs (including, but not limited to, arbitrator fees) in the London arbitration, as well as interest, all of which are recoverable as part of Commer's main claim under English law.

12. After investigation, NAFIE cannot be found within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Commer is informed that NAFIE has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of NAFIE, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

13. The total amount of Commer's claim against NAFIE sought to be attached pursuant to Rule B includes

a. Unpaid demurrage in the sum of $63,368.08 as stated in Commer's invoice to NAFIE (via Bellstone Financial S.A.) dated February 22, 2008;

  b. Interest, costs, arbitrator fees, and attorney fees, all inclusive, which are anticipated to at least equal to the sum of $58,870.00, and which are recoverable under English law as part of the Commer's main claim;

  c. For a total claim amount sought to be attached of **$122,238.08**.

  **W H E R E F O R E**, Plaintiff Commer International Ltd. prays:

  a. That process in due form of law according to the practice of this Court may issue against Defendant North Africa For Import & Export, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal claim amount of $63,368.08, plus interest, costs, arbitrator fees, and attorney fees;

  b. That since the Defendant North Africa For Import & Export cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant North Africa For Import & Export, up to and including the amount of the claim of **$122,238.08** be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendant North Africa For Import & Export including, but not limited to, such assets as may be held, received, or transferred in its name or as may be

held, received, or transferred for its benefit, at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant North Africa For Import & Export to appear and respond in the London arbitration as required, or, to the extent an award is rendered against Defendant North Africa Import & Export, to confirm that award as a judgment of this Court; and

d. That Plaintiff Commer International Ltd. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 15, 2008

                                         **Waesche, Sheinbaum & O'Regan, P.C.**
                                         Attorneys for the Plaintiff

By: _____
                                           John R. Foster
Attorney ID: JF3635
111 Broadway, Suite 401
New York, NY 10006
(212) 227-3550

## VERIFICATION

State of New York        )
                         : 
County of New York       )

JOHN R. FOSTER, being duly sworn, deposes and says:

1. That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2. That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3. That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of written communications with its representatives.

4. That I am authorized to make this verification on behalf of the Plaintiff.

5. That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is an alien business entity, with no officers or directors presently within this District.

_____
JOHN R. FOSTER

Subscribed and sworn to before me this
15th day of April, 2008

_____
Notary Public

MARYANN C. POWERS
Notary Public, State of New York
No. 01PO4629292
Qualified in Richmond County
Commission Expires August 31, 2010